## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

HOSSEIN FALLAH BEJARBANEH,

      Petitioner,

v.                                                                                   No. 1:26-cv-01451-MLG-GJF

MARKWAYNE MULLIN, in official capacity
as Secretary of United States Department of
Homeland Security; UNITED STATES
DEPARTMENT OF HOMELAND
SECURITY; TODD BLANCHE, in his official
capacity as Senior Official Performing the
Duties of the Attorney General of the United
States; TODD M. LYONS, in his official
capacity as Senior Official Performing the
Duties of the Director of United States
Immigration and Customs Enforcement; MARY
DE ANDA YBARRA, in her official capacity
as Field Office Director of U.S. Immigration
and Customs Enforcement, Enforcement and
Removal Operations for the El Paso Field
Office; GEORGE DEDOS, in his official
capacity as Warden of the Torrance County
Detention Facility,

      Respondents.

## <u>ORDER QUASHING ORDER TO SHOW CAUSE</u>

This matter is before the Court on its Order to Show Cause, filed July 16, 2026, directing Federal Respondents to either show cause why they failed to comply with the Court's order that they return all of Petitioner Hossein Fallah Bejarbaneh's identification documentation upon his release from federal immigration custody, or to return the passport that was in his possession when he was detained. Doc. 19 at 1-2. Federal Respondents filed a response on July 20, 2026, with an attached declaration by Matthew E. Trujillo, a supervisory detention and deportation officer at U.S. Immigration and Customs Enforcement. *See* Docs. 20, 20-1.

1

According to Trujillo, the only passport in Federal Respondents' possession is one that the federal government obtained at its expense as part of its efforts to deport Bejarbaneh to Iran. Doc. 20-1 at 4. To acquire this new passport, Federal Respondents mailed Bejarbaneh's original birth certificate, Iranian ID card, and expired passport[1] to the Iranian government. *Id.* at 3-4; Doc. 20-2 at 1-8. The Iranian government has not returned these documents to Federal Respondents despite two requests to do so. Doc. 20-1 at 4. Trujillo avers that Bejarbaneh will receive the new passport that is currently in Federal Respondents' possession upon his deportation from the United States. *Id.* at 4.

The Court is now satisfied that Federal Respondents have complied, to the best of their ability, with the Court's order requiring that they return Bejarbaneh's identification documentation upon his release. The Order to Show Cause, Doc. 19, is therefore quashed. If the Iranian government returns Bejarbaneh's original birth certificate, Iranian ID card, or expired passport to Federal Respondents before Bejarbaneh is deported, Federal Respondents must send the documents to Bejarbaneh within 30 days of receipt.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[1] Bejarbaneh's arrest report indicates that two passports were taken by federal immigration authorities at the time of his detention. Doc. 10-1 at 2. Trujillo states that he is unaware of a second passport, Doc. 20-1 at 3, and Bejarbaneh's Motion for an Order to Show Cause suggests that Bejarbaneh only surrendered one passport and alleges only that Bejarbaneh's "original passport" has not been returned to him, Doc. 16 at 1-4. It appears from the filings that the expired passport sent to the Iranian government is the passport that Bejarbaneh is requesting be returned.